# Exhibit 1

# Exhibit 1

# Kreilkamp, Jacob

| | |
|---|---|
| **From:** | Kreilkamp, Jacob |
| **Sent:** | Wednesday, February 11, 2015 11:06 PM |
| **To:** | 'Libra, John' |
| **Cc:** | Michael T Marcucci; D'Aquila, Danielle; Davies, Matthew; Finkelstein, Melissa; Gibbons, Max; Fitzgerald, Steven; McGonigle, Sean; XT Greaney, Isaac; David F Adler; Lee M Pollack |
| **Subject:** | RE: Phoenix Light and NCUA |

Counsel,

During our call earlier today, you asked for authority to support our request for specific documents concerning plaintiffs' purported standing to sue. First, Judge Forrest may consider documents that are integral to the amended complaints, such as the NGN Trust documents and the purported WestLB assignment agreements, even at the pleading stage. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). Second, "standing to sue is an essential element of a cause of action and must be 'demonstrated' as well as 'alleged,' particularly where controverted." *Sierra Club v. Morton*, 514 F.2d 856, 868 n.20 (D.C. Cir. 1975), *rev'd on other grounds sub nom. Kleppe v. Sierra Club*, 427 U.S. 390 (1976). Many of the allegations regarding plaintiffs' standing to sue rely on specific provisions of documents that have neither been quoted nor attached to the complaint. Additionally, public records appear to contradict some of the standing allegations contained in the *Phoenix Light* amended complaint. Standing is a threshold issue that goes to federal jurisdiction and it is axiomatic that even at this stage, plaintiffs are required to supply sufficient facts to establish that they belong in federal court. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("[I]t is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing.").

As I mentioned when we spoke, Justice Ramos ordered plaintiffs in *Phoenix Light v. Goldman Sachs*, 652356/13 (Sup. Ct. N.Y. Cty.), to produce the WestLB assignment agreements before he ruled on a motion to dismiss, and plaintiffs' counsel there was able to produce one of the assignment agreements on the same day that Justice Ramos made the request. Furthermore, Judge Pfaelzer has ordered several plaintiffs during the pleading stage of the Countrywide multidistrict litigation to file assignment-related documents that purportedly established plaintiffs' standing to sue. *See, e.g.*, *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig*, No. 11-ML-2265-MRP (C.D. Cal. May 20, 2013) (ordering Phoenix Light and Silver Elms CDO II Ltd. to file transaction documents describing their standing to sue); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 2012 WL 2250138, at *3 (C.D. Cal. June 15, 2012) (ordering plaintiff Sealink to file a complete set of the transaction documents regarding the assignments).

Please advise us tomorrow if you agree to provide the requested documents to us by Friday, February 13, 2015.

Sincerely,

**Jacob S. Kreilkamp | Munger, Tolles & Olson LLP**
355 South Grand Avenue | Los Angeles, CA 90071
Tel:  213.683.9260 | Fax:  213.593.2960
jacob.kreilkamp@mto.com | www.mto.com

*\*\*NOTICE\*\*\**
This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized

*person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by reply e-mail so that our address record can be corrected. To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law. Thank you.*

---

**From:** Libra, John [mailto:JLibra@KoreinTillery.com]
**Sent:** Tuesday, February 10, 2015 1:22 PM
**To:** Kreilkamp, Jacob
**Cc:** Michael T Marcucci; D'Aquila, Danielle; Davies, Matthew; Finkelstein, Melissa; Gibbons, Max; Fitzgerald, Steven; McGonigle, Sean; XT Greaney, Isaac; David F Adler; Lee M Pollack
**Subject:** Re: Phoenix Light and NCUA

Jake,

Thank you for your message—we are still discussing this matter with our clients. We would like to discuss this matter, along with the other general Rule 26 matters, with you on Thursday. We're available at any time before 3:00 eastern.

Please let us know if there's a time that works for Defendants.

Thanks,

John

On Feb 6, 2015, at 4:05 PM, Kreilkamp, Jacob <Jacob.Kreilkamp@mto.com> wrote:

> Counsel,
>
> In order to evaluate the allegations of the *NCUA* and *Phoenix Light* amended complaints filed earlier this week, Defendants need to see copies of the NGN Trust documents referenced in the NCUA Amended Complaint, and the WestLB AG assignments referenced in the *Phoenix Light* Amended Complaint — all of which plaintiffs rely upon in making certain allegations. Given the short window before Defendants' motions to dismiss are due to be filed, we need copies immediately to avoid any potential disruptions to the briefing schedule.
>
> Please advise if you will agree to provide us copies, by Tuesday, February 10, 2015, of the documents listed below — and if not, the reason for your refusal. Assuming that you would want the documents to be treated confidentially, we would agree to a "confidentiality" designation that would be covered by the protective order we anticipate being entered in the case, with a further agreement that until such order is entered, we would afford them standard confidentiality treatment such as limiting their use to

2

the applicable litigation, and showing them only to necessary individuals assisting defendants in that litigation.

**Documents requested:**

**NCUA**: for each of the 10 "NGN Trusts" identified in the Amended Complaint, the (a) Offering Memorandum, (b) Indenture, (c) Trust Agreement, and (d) the Guaranty Agreement.

**Phoenix Light**: any and all assignments between WestLB AG and any plaintiff concerning the RMBS certificates at issue in the Amended Complaint.

Sincerely,

**Jacob S. Kreilkamp | Munger, Tolles & Olson LLP**
355 South Grand Avenue | Los Angeles, CA 90071
Tel:  213.683.9260 | Fax:  213.593.2960
jacob.kreilkamp@mto.com | www.mto.com

*\*\*\*NOTICE\*\*\**
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by reply e-mail so that our address record can be corrected. To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law. Thank you.*

John Libra
**Korein Tillery, LLC**
205 North Michigan Avenue
Suite 1940
Chicago, IL 60601
Office:  312-641-9750
Direct:  312-899-5066

----------------------------
This message is from a law firm and may contain privileged or confidential information for the sole use of the intended recipient(s). If you believe that you have received this email in error, please notify the sender immediately and delete it from your system. If you have received this email in error, you do not have permission to forward, print, copy or distribute or use the information in this message.
----------------------------